## WOODWARD v. DUMAR CONSTRUCTION CO.

Circuit Court, Dade County, Civil Appeal.

April 11, 1955.

Nathanson, Oka & Spaet, Miami Beach, for appellant.

Miller, Pearson & Miller, Miami Beach, for appellee.

STANLEY MILLEDGE, Circuit Judge.

The trial judge directed a verdict for the defendant at the conclusion of the plaintiff's case, so the question is whether the plaintiff made out a prima facie case. It seems to me that he did. I fail to see what material element was lacking to make out a case for a broker's commission. He showed employment and performance. The appellee contends that the plaintiff's case was fatally defective in failing to show that the plaintiff's efforts were the procuring cause of the sale.

On a directed verdict every intendment must be taken in favor of the plaintiff. I think that a jury would be well warranted in finding that the plaintiff was the procuring cause.

He brought the purchaser, Mrs. Briant, to the property and at the purchaser's direction met her sister, Mrs. Clifton, and had the latter inspect the property. He spoke to the purchaser many times.

When the sale was made Mrs. Clifton's check furnished the earnest money. The relatively short period of time involved would not justify the owner to assume that the broker's negotiations had been abandoned. The status of Mrs. Clifton is subject to the inference that Mrs. Briant, as a purchaser, was procured by the efforts of the plaintiff, operating through Mrs. Clifton, or a jury could believe that Mr. Woodward induced Mrs. Briant directly to purchase the property.

The judgment based on the directed verdict is reversed. It is ordered that the issues presented by the evidence of both parties be decided by a jury.